WALTER W. GUNTHER, Respondent, v. AMERICAN LABEL CO., INC., Appellant. (Appeal No. 2.) — In view of the decision in *Gunther* v. *American Label Co., Inc., No. 1* (*ante*, p. 528), decided herewith, the appeal from the order denying defendant's motion to resettle the order of August 3, 1934, is dismissed. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

A. CONROY HAYNES, Appellant, v. ANDREW McTIGUE, Respondent.— Judgment dismissing complaint on the merits in an action for an accounting reversed on the law and a new trial granted, costs to appellant to abide the event. In our opinion the plaintiff is entitled to an accounting by the defendant of the moneys received by him for services as an expert witness during the existence of the partnership agreement and to recover his share thereof under the contract, unless it shall appear upon the trial that the parties, by their conduct, gave to the seventh clause of said contract a practical construction under which the defendant was entitled to retain said moneys. Findings of fact inconsistent herewith are reversed. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.

EDWIN V. HELLAWELL, as Receiver of THE FIRST NATIONAL BANK OF HEMPSTEAD, Respondent, v. WILLIAM T. HUTCHESON, Appellant.— Order striking out four of the five defenses and dismissing each counterclaim set up in the answer and directing judgment on the first and third causes of action and, in effect, severing those causes of action from the second, as to which the defense of want of consideration for the $10,000 note sued on is alleged, modified to permit the defendant to serve an amended answer within ten days if so advised; and as so modified the order is affirmed, without costs. The answer in respect to the want of consideration of the $10,000 note is now somewhat obscure as a result of striking out the other four defenses and the defendant should be permitted to set up the actual facts upon which he relies in his claim of want of consideration for that note. The plaintiff has not appealed, so we have no occasion to pass on the legal force of this defense. Lazansky, P. J., Hagarty, Carswell, Tompkins and Davis, JJ., concur.

In the Matter of the Application of the BOARD OF TRANSPORTATION OF THE CITY OF NEW YORK, Respondent, Relative to Acquiring Certain Real Property at Queens Boulevard, Eighty-fourth Road, Maple Grove Cemetery, etc., in the Borough of Queens, City of New York. MAPLE GROVE CEMETERY ASSOCIATION, Appellant.— Order denying petitioner's motion to set aside the service of notice in this condemnation proceeding and to determine that the court has acquired no jurisdiction over the petitioner affirmed, with ten dollars costs and disbursements. The court is of the opinion that the word "thoroughfare," as used in the statute, does not apply to a subway. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., concurs in the result, with the following memorandum: It was conceded on the argument that title was acquired by the city on April 15, 1931. The motion resulting in the order from which the appeal has been taken was returnable on July 26, 1933. In the interim the subway was completed. Of all of these facts the appellant had knowledge, or they were conceded on the argument. The appellant was guilty of laches.